**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOYCE JENKINS, | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-1398 |
| v. | |
| FARMERS NEW CENTURY INSURANCE COMPANY, | (JUDGE CAPUTO) |
| Defendant. | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is Defendant Farmers New Century Insurance Company's Notice of Removal (Doc. 1) and Plaintiff Joyce Jenkins' Complaint.  (Doc. 1 Ex. A.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte.  Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Defendant state that its basis for removal is diversity of citizenship pursuant to 28 U.S.C. § 1332. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

Here, the issue of diversity of citizenship arises on removal, and therefore the defendant bears the burden of proving the statutory requirements. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). "A federal court's jurisdiction must clearly appear from the face of the complaint or removal petition." *Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 626 F.2d 280, 282 n.1  (3d Cir. 1980) (quoting *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972)).  In this case, the Plaintiff's Complaint fails to demonstrate those requirements.

Defendant's Notice of Removal states that this Court has jurisdiction over the matter through diversity in 28 U.S.C. § 1332, but the Notice of Removal does not allege the requirements of diversity jurisdiction.  In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).   Although it has been alleged in the Complaint that the Defendant's principal office is in Oklahoma City, Oklahoma, this allegation is insufficient to allege diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The Complaint alleges only that Defendant is "authorized to conduct business as an insurance Company within the Commonwealth of Pennsylvania," and  that it "regularly conducts business in Lackawanna County." (Compl. ¶ 2, Doc. 1 Ex. A.)  These statements do not suffice in the requirement of a corporation's principal place of business.

Nor is there an allegation of state of incorporation.  *Midfirst Bank v. Smith*, Civ. A.

2

No. 3:06-CV-0603, 2006 WL 860098, at * 1 (M.D. Pa. Mar. 31, 2006) (Caputo, J.) (dismissing complaint where plaintiff failed to allege facts regarding corporation's state of incorporation.)  Lastly, neither the Notice of Removal nor the Complaint state that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) as required by 28 U.S.C. § 1332(a).

Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this __31st___ day of July, 2008, **IT IS HEREBY ORDERED THAT** Defendant's Notice of Removal (Doc. 1) is **REMANDED** to the Court of Common Pleas of Lackawanna County.  The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

3